REYNOLDS TRANSPORTATION COMPANY *v.* PUBLIC SERVICE COMMISSION *et al.*

(No. 9343)

Submitted May 12, 1942. Decided November 17, 1942.

*Mohler, Peters & Snyder,* for petitioner.

*Wyatt & Randolph, John A. Cain* and *A. G. Bolton,* for respondent.

RILEY, JUDGE:

Reynolds Transportation Company, a corporation, (hereinafter called "Reynolds") petitioned the Public Service Commission of West Virginia for its consent to cancel and terminate a lease contract entered into between it and The Meyer Transit Co., Inc., (hereinafter designated "Meyer") providing for the operation of bus service by the latter company between Parsons and Elkins, West Vir-

ginia, via United States Route No. 219. The order of the Commission entered January 8, 1942, granted to Meyer the right to carry passengers between Parsons and Elkins, who were either to be discharged or picked up east of Parsons. Subject to such limitation, the Commission gave its consent to the cancellation and termination of the lease agreement. This Court granted a review of said order upon complaint by Reynolds.

On September 5, 1934, Reynolds Taxi Cab Company, Inc., (predecessor of Reynolds) purchased from E. L. Maxwell, Special Commissioner, the assets of Seneca Trail Lines, Inc., which included certificate of convenience and necessity No. 75, authorizing the operation of motor vehicles for transportation of passengers over regular routes between various towns, including Elkins and Parsons, West Virginia. On October 29, 1935, Reynolds entered into an agreement with Meyer whereby Meyer agreed to make "at least one round bus trip daily between Elkins and Parsons", and could make as many one-way or round-trips as it desired, both provisions being subject to the approval of the State Road Commission. The agreement likewise contained a provision that either party could cancel the lease upon ten-days' written notice. Both Reynolds and Meyer filed a petition requesting the State Road Commission, which at that time was charged with the power to regulate motor carriers, to approve the arrangements of said lease; and, on December 4, 1935, that Commission's approval was given, upon the condition that Reynolds was to remain responsible to the Commission and the public for the proper observance of the agreement, the laws of this State, and the rules and regulations of the Commission, and further that the agreement between Reynolds and Meyer could be terminated after consent and approval of the Commission first obtained.

On October 2, 1940, Reynolds obtained from the Public Service Commission certificate No. 36-A to operate as a common carrier by motor vehicle in the transportation of passengers over several designated routes, among them the route between Parsons and Elkins over route 219, it being noted that such service was "operated under lease

by Meyer Transit Company." On the same date, Meyer received from the Public Service Commission authority to operate as a common carrier of passengers between Elkins and Parsons under its agreement with Reynolds "until otherwise ordered by this Commission."

On February 15, 1941, Reynolds notified Meyer of its cancellation of the agreement, to be effective as of March 15, 1941. Five days later Meyer wrote to John J. D. Preston, chairman of the Public Service Commission, wherein he advised him of the cancellation notice and that "It is necessary for Meyer Transit Co., Inc., to file a formal objection to the cancellation and revocation of their rights to operate bus service over this route, and respectfully request before any order is entered, that this entire matter may be properly set for hearing by the Public Service Commission, for some future date, at which time The Meyer Transit Co., Inc., may have and be afforded the opportunity to appear before said commission to make formal protest and protect their rights accordingly." Meyer likewise requested that the Public Service Commission restrain Reynolds from operating or attempting to operate any bus service between Elkins and Parsons over United States Route 219, until the matter was properly and finally determined by it. Chairman Preston responded that "This Commission had, and has, no jurisdiction in respect of the inter-company agreement or lease aforesaid", and no authority to restrain the action or attempted action in respect of which Meyer had requested the Commission to intervene. Under date of March 18, 1941, in a letter directed to the Public Service Commission, counsel for Reynolds requested its interpretation of its order of October 2, 1940, which granted authority to Meyer to operate under authority of its lease with Reynolds, particularly that portion of its order which read, "under its agreement with the said Reynolds Transportation Company, until otherwise ordered by this Commission." The response to such inquiry appears in a letter from Chairman Preston, wherein it is stated: "By that provision in its order, it was the intention of the Commission, and the Commission now so construes the same, to mean that authority was granted

to The Meyer Transit Company to continue the designated operation during the continuance and existence of its lease from the Reynolds Transportation Company, unless at any time for cause, such as neglect in duty, inadequacy of service, disregard of applicable rules and regulations, etc., the Commission should revoke or cancel the authority and certificate granted by the order." Reynolds then applied for and procured a temporary injunction from the Circuit Court of Mineral County, restraining Meyer from operating busses between Parsons and Elkins, but the injunction order provided that such operation could be continued upon Meyer filing a bond, which was done.

Meyer then sought authority from the Public Service Commission for a certificate of convenience and necessity "to operate as a common carrier of passengers, mail and express" between Parsons and Elkins via United States Route 219, which application the Commission denied, without prejudice, on June 27, 1941, "for the reason that said The Meyer Transit Company, Inc., had authority from the State Road Commission and has authority from this Commission to operate as a common carrier by motor vehicles in the transportation of passengers between the City of Elkins and the Town of Parsons, via U. S. Route No. 219, which authority has not been canceled, either by the State Road Commission or by this Commission." Thereupon, Reynolds initiated the instant proceeding, wherein it sought from the Public Service Commission its consent to the cancellation and termination of said lease agreement.

The testimony taken at a hearing on that petition discloses that Reynolds owns and operates sixteen busses, which are of modern type and, with the exception of three, all are less than two years old. Both Reynolds and Meyer have been carrying passengers between Parsons and Elkins since March 15, 1941. Under Meyer's schedule of operation at the time of the hearing, it was possible for a passenger to leave Oakland, Red House (Maryland), or Thomas (West Virginia) and go to Elkins without changing busses on the trip. No other existing line offered such service. Reynolds contends that operation could be profitable if only one company were authorized to operate. This

is disputed by Meyer's witnesses who say that without the contract for carrying the mail, which is held by Meyer, the operation would not be profitable. There is no complaint that the service which Meyer has been rendering is unsatisfactory. On the other hand, witnesses who testified on Meyer's behalf, admitted Reynolds is fully equipped and has assets sufficient to take care of the operation. Criticism of Reynolds' toilet and rest-room facilities at Parsons is adverse, and there is testimony that the passenger service rendered by Meyer is made satisfactory because of his contract to carry the mail.

The Public Service Commission found that, "in exercising the right reserved to it to protect the public interest under said lease agreement, the public interest would be best served by permitting the Meyer Transit Company, Inc., to continue in the transportation of intrastate passengers and their baggage picked up at Elkins and points and places on U. S. Route No. 219 between Elkins and Parsons for discharge east of Parsons and in the transportation of intrastate passengers and their baggage picked up east of Parsons on U. S. Route No. 219 for discharge at points and places on U. S. Route No. 219 between Parsons and Elkins, including Parsons and Elkins; that the Meyer Transit Company, Inc., should cease to transport intrastate passengers and their baggage from Elkins to Parsons and from points and places between Elkins and Parsons to Parsons unless the destination of said passengers is to a point east of Parsons, and should cease to transport intrastate passengers and their baggage between Parsons and Elkins or to points and places between Parsons and Elkins unless said passengers and their baggage are picked up east of Parsons;". The order of the Commission likewise relieved Reynolds of further guarantee and responsibility of the intrastate service that Meyer "is herein authorized to render by reason of said agreement of October 29, 1935", and provides for the cancellation of the lease agreement "in so far as it is necessary to carry out the foregoing findings and orders."

Reynolds urges (1) that its certificate is a valid and subsisting contract between it and the State, which may

not be abrogated or impaired by the Commission, except for cause shown after notice and hearing, and (2) that the Commission's refusal to consent to a cancellation of the lease agreement and its attempt to substitute and impose another and different contract upon the parties is arbitrary and unwarranted in law. The Commission, whose position appears in a "Statement" of the reasons for entry of its order, and Meyer contend that the Commission's order is justified by public interest and that the evidence warrants its findings.

The issue before the Commission was clearly announced at the inception of the hearing when Commissioner Nethken stated: "There comes on for hearing M. C. Case Number 2236, upon the petition of the Reynolds Transportation Company, a corporation, for the Commission's consent to the cancellation and termination of a lease contract between the Reynolds Transportation Company, a corporation, and The Meyer Transit Company, Inc., providing for the operation of bus service by The Meyer Transit Company, Inc., between Parsons and Elkins, via U. S. Route No. 219." We considered in *Benwood-McMechen Water Co.* v. *City of Wheeling,* 121 W. Va. 373, 4 S. E. 2d 300, 304, the question of the Commission's power to pass upon the right of one utility to terminate an agreement made with another utility, and concluded that the power did not exist in the Commission and that it was a question for court determination. We said, in part:

> "If the public service commission may require a showing of cause for the termination of the contract and the cessation of service, then it has the right to pass upon the reasonableness of the grounds for such termination, and may refuse to permit the contract to be terminated and the service to cease until such cause is shown to its satisfaction. Conceivably, the city may never be able to convince the public service commission that the service should be discontinued, in which event it would, in effect, be assuming power to force a continuance thereof indefinitely. We do not think the commission has this power, as its exercise would, in effect, make a new contract be-

tween the parties, something which neither the commission nor this court has the right to do."

In that decision this Court recognized that there was a limitation upon the right to terminate, though the parties had expressly so agreed, where the public interest was likewise involved, and so harmonized the right incident to private contract with those of the public affected by such agreement.

It follows, therefore, that the sole issue which the Public Service Commission had for consideration in connection with the petition for consent to determine and cancel the lease agreement between Reynolds and Meyer was whether the public interest would be adversely affected by cancellation, and clearly the Commission's order exceeds a determination of such issue. Reynolds appeared before that body as one possessed of a "valuable right which cannot be revoked except for cause." *Quesenberry v. State Road Commission,* 103 W. Va. 714, 719, 138 S. E. 362, 364. It professed, in addition to its willingness, its ability to serve adequately the users of motor carrier service between Elkins and Parsons—a service which it seeks herein to recapture from its lessee—and no witness challenged its capacity for competent service. The order does not deny to Reynolds the right to pick up passengers at intermediate points between Elkins and Parsons. This, in itself, is a tacit recognition by the Commission that Reynolds is equipped to render satisfactory service. We think the record warrants such a conclusion, which fully answers the only inquiry which was before the Commission. Such recognition satisfies the public interest involved, and leaves the parties to their solemn contract for settlement of their rights.

The order of the Public Service Commission is reversed, and the proceeding remanded for entry of order consistent with this opinion.

*Reversed and remanded.*